JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

FEB 14 1986

PATRICK D. HOWARD
CLERK OF THE PANEL

DOCKET NO. 669

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE PROVINCETOWN-BOSTON AIRLINE, INC. SECURITIES LITIGATION

TRANSFER ORDER*

This litigation consists of two actions pending in two federal districts: one action each in the Southern District of New York and Southern District of Florida. Before the Panel is a motion, pursuant to 28 U.S.C. §1407, by the Florida plaintiffs to transfer the New York action to the Southern District of Florida for coordinated or consolidated pretrial proceedings with the action pending there. The New York plaintiff and all defendants agree that centralization is appropriate, but suggest that the actions should be centralized in the Southern District of New York.

On the basis of the papers filed and the hearing held, the Panel finds that these actions involve common questions of fact and that centralization under Section 1407 in the Southern District of New York will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. Both actions are brought as class actions on behalf of Provincetown-Boston Airline, Inc. (PBA) shareholders and arise from defendants' alleged failure to disclose to, and conspiracy to conceal from, the investing public that PBA operations were being conducted in a dangerous and illegal manner which 1) threatened the lives and safety of PBA's passengers and employees, 2) endangered PBA's property and 3) represented a significant risk to PBA's future earnings, operations and value of its common stock. Centralization under Section 1407 is thus necessary in order to avoid duplication of discovery, prevent inconsistent pretrial rulings (especially with regard to overlapping class certification requests), and conserve the resources of the parties, their counsel and the judiciary.

Either the Southern District of New York or the Southern District of Florida could be considered an appropriate forum for this litigation. We are aware, however, of the heavy criminal case backlog that currently exists in the Southern District of Florida, and we are reluctant at this time to increase the burden on the district's personnel and facilities by centralizing a complex multidistrict civil litigation there. In choosing the Southern District of New York as transferee forum, we note also that witnesses and documents can be found in or relatively near New York City.

---

\* Judge Fred Daugherty took no part in the decision of this matter.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the action listed on the attached Schedule A and pending in the Southern District of Florida be, and the same hereby is, transferred to the Southern District of New York and, with the consent of that court, assigned to the Honorable Charles E. Stewart, Jr., for coordinated or consolidated pretrial proceedings with the action pending in that district and listed on Schedule A.

FOR THE PANEL:

*Andrew A. Caffrey*

Andrew A. Caffrey
Chairman

## Schedule A

<u>MDL-669 -- In re Provincetown-Boston Airline, Inc. Securities Litigation</u>

### Southern District of New York

<u>Sidney M. Miller, et al. v. Provincetown-Boston Airline, Inc., et al.</u>, C.A. No. 84-Civ-9251 (CES)

### Southern District of Florida

<u>Peter M. Zollman, et al. v. John C. Van Arsdale, Jr., et al.</u>, C.A. No. 85-0655-Civ-King